| | | |
|---|---|---|
| **JEREMY KYLE MASSEY, #291105,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:25-cv-00049** |
| | ) | |
| **K. CRANE,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Jeremy Massey, a state inmate in custody at the South Central Correctional Facility (SCCF), filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). Plaintiff subsequently filed a Motion for Appointment of Counsel (Doc. No. 6) and a Motion to Ascertain Status. (Doc. No. 7.)

This case is before the Court for ruling on Plaintiff's IFP application and Motions, and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1,

2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or

2

any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

## B. Factual Allegations

While he was housed in segregation where he had been denied his personal property, Plaintiff asked Correctional Officer Crane about recovering his property while Crane was passing out lunch trays. (Doc. No. 1 at 4.) Crane mumbled a response as she slammed the top part of the pie flap, whereupon Plaintiff placed his hand in the pie flap opening and "lowered himself" to ask

Crane what she had said. (*Id.*) Without warning Plaintiff to remove his hand, Crane "pull[ed] the pin to [the] slider and slam[med] the slider" on Plaintiff's middle and ring fingers, "completely breaking both." (*Id.*) These injuries required two trips to an outside medical provider and left Plaintiff with residual loss of function. (*Id.* at 4–5.) He seeks an award of damages "[b]ecause of [Crane's] use of unnecessary force." (*Id.* at 5.)

## C. Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the use of excessive force against convicted prisoners. The force used against a prisoner is excessive if it is "grossly disproportionate to the offense committed by the prisoner" or if it "represents an 'unnecessary and wanton infliction of pain.'" *Butler v. Trett*, No. 619CV00187GFVTEBA, 2021 WL 5218537, at *4 (E.D. Ky. July 15, 2021), *report and recommendation adopted*, 2021 WL 3913570 (E.D. Ky. Sept. 1, 2021) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

There is an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the Court may not apply a "de minimis injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34). For purposes of initial review, the Complaint sufficiently alleges that the

4

force used against Plaintiff and the injuries he sustained were serious enough to plausibly claim a right to relief.

Turning to the subjective component, the Complaint is silent as to Crane's motivation in slamming the pie flap slider. There was no apparent history between Plaintiff and Crane; the Complaint describes minimal interaction between them during meal service on the day in question, and no interaction at all prior to or after that day. These allegations, without more, are not sufficient to support a plausible—and not merely possible—right to relief for a constitutional violation. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). They are just as consistent with a negligent use of force as they are with a malicious use of force, and if Crane accidentally or negligently closed the pie flap on Plaintiff's fingers, then she cannot be held liable under 42 U.S.C. § 1983. *See Chinners v. Graves*, No. 1:21-CV-00055, 2021 WL 5449052, at *4 (M.D. Tenn. Nov. 22, 2021) ("Negligence is simply not a viable theory in an action under Section 1983[.]") (citing *Daniels v. Williams*, 474 U.S. 327, 332–36 (1986)); *Jackson v. Ellison*, No. 3:09-0511, 2009 WL 2579193, at *2 (M.D. Tenn. Aug. 19, 2009) ("[F]or a § 1983 action, the defendant must be alleged to have acted knowingly or intentionally to violate [plaintiff's] constitutional rights, because mere negligence … or mistakes are insufficient.").

However, Plaintiff presented the facts of the interaction differently in his prison grievance than he does in his Complaint. In the grievance, which is attached to the Complaint,[1] Plaintiff

---

[1] The Court may review grievances and other "documents attached to the complaint" in conducting the initial screening required by the PLRA. *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

alleged that he had his hand in the pie flap "in protest of being denied [his] property," and that Crane "should have called for assistance instead of using excessive force that resulted in breaking [Plaintiff's] fingers." (Doc. No. 1-1 at 2–3.) Considering these allegations in addition to those put forward in the Complaint—and given the early stage of these proceedings and the Court's obligation to draw all reasonable inferences in Plaintiff's favor—the Court finds for purposes of initial review that a plausible excessive-force claim is stated here. *Cf. Scott v. Lindamood*, No. 1:17-CV-00007, 2017 WL 1282045, at *3–4 (M.D. Tenn. Apr. 6, 2017) (finding that complaint plausibly claimed excessive force based on allegation that officer "slammed the cell 'pie flap' shut on the Plaintiff's hand" out of frustration that Plaintiff left his hand in the pie flap while "asking for his property," "resulting in injuries to the Plaintiff's hand or wrist"). This case will proceed for further development.

### III. CONCLUSION

As explained above, the Complaint's claim to damages for excessive force under the Eighth Amendment will be allowed to proceed against Defendant Crane.[2]

With the case still in the pleading stage, Plaintiff's Motion for Appointment of Counsel (Doc. No. 6) is **DENIED** as premature, without prejudice to renewal at a later date after service of process is accomplished. In view of this Order's description of the status of this case, Plaintiff's Motion to Ascertain Status (Doc. No. 7) is **GRANTED**.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Crane. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of this Order's entry on the docket. Failure to do so may

---

[2]     The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude any Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12.

result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE